FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 JUL 13 PM 12: 00

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN THE MATTER OF THE PETITION OF GULF FLEET MANAGEMENT, L.L.C. AS OWNER AND OWNER *PRO HAC VICE* OF D/B GULF FLEET RETREAT, HER ENGINES, TACKLE, APPURTENANCES, FURNITURE, ETC., PRAYING FOR EXONERATION FROM OR LIMITATION OF LIABILITY | * | CIVIL ACTION |
| | * | NO: 06-0539 |
| | * | SECTION "J" |
| | * | MAGISTRATE: 3 |

## ANSWER AND CLAIM

**NOW INTO COURT**, through undersigned counsel, comes Joseph B. Billiot, Jr. and Christopher J. Billiot, Sr., persons of the full age of majority and residents of the State of Louisiana, who submit the following Answer and Claim, upon information and belief:

### ANSWER

### FIRST DEFENSE

The complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Gulf Fleet Management, L.L.C. and/or the vessel GULF FLEET RETREAT is not entitled to exoneration from or limitation of liability in this proceeding because of the unseaworthiness of the GULF FLEET RETREAT and/or the negligence of complainant itself in the management and operation of the GULF FLEET RETREAT which occurred with the privity and knowledge of the complainant, and/or its directors, officers, stockholders, or agents.

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No_____

## THIRD DEFENSE

Joseph B. Billiot, Jr. and Christopher J. Billiot, Sr., respectfully aver that the security by Gulf Fleet Management, L.L.C. and/or the vessel GULF FLEET RETREAT is legally insufficient, the limitation fund is therefore inadequate, the value in complainant's interest in the GULF FLEET RETREAT and her pending freight is greater than the security and any *ad interium* stipulation, and that the limitation fund should be dismissed.

## FOURTH DEFENSE

Joseph B. Billiot, Jr. and Christopher J. Billiot, Sr. maintain that the limitation action should be dismissed based upon the fact that the statute creating the limitation of liability defense is unconstitutional because none of the motivating factors leading to its creation in the mid-1800's still exist today, that the statute severely curtails the rights of an individual to make recovery for losses which in turn provides an unwarranted benefit to the defendant ship-owner/operator and that such action by the Government constitutes an unreasonable deprivation of the accident victim's property thereby violating his right of due process and equal protection.

## FIFTH DEFENSE

The limitation fund should be deemed inadequate to the extent that it does not include all available dollars of liability insurance covering petitioners and/or the GULF FLEET RETREAT and the limitation action should be dismissed or should be allowed to go forward only after said insurance dollars are deposited into the registry of the court or until an appropriate guarantee therefore had been posted.

## SIXTH DEFENSE

**AND NOW**, answering more particularly the allegations contained in the numbered paragraphs of the Complaint, Joseph B. Billiot, Jr. and Christopher J. Billiot, Sr. respond as follows:

The allegations of Paragraphs II. III., IV., V., VI., VII., VIII., IX., X., XI., XII., XIII., XIV., XV., XVI, XVII., XIX., are denied for lack of sufficient information to justify a belief as to the truth thereof;

The allegations of Paragraphs I., XX., state legal conclusions requiring no response from these claimants; however, out of an abundance of caution, all allegations therein are denied for lack of sufficient information to justify a belief as to the truth thereof.

## CLAIM

**AND NOW**, if required to litigate and establish their right to recover damages in these proceedings, and without prejudice to their contentions that complainant has no right to limit its liability, Joseph B. Billiot, Jr. and Christopher J. Billiot, Sr. respectfully state:

1.

This action arises under 28 U. S. C. § 1333.

2.

At all times material hereto, the GULF FLEET RETREAT was owned and operated by Gulf Fleet Management, L.L.C., and said vessel was engaged in commerce in the navigable waters of the United States, more particularly the navigable waters of Bayou Lafourche near Golden Meadow, Louisiana.

3.

At all times material hereto, claimants, Joseph B. Billiot, Jr. and Christopher J. Billiot, Sr. owned and/or operated their vessel F/V SEABORNE.

4.

On or about August 29, 2005, the GULF FLEET RETREAT was moored in the navigable waters in Bayou Lafourche near Golden Meadow, Louisiana when it broke loose from the moorings during hurricane Katrina and eventually struck the F/V SEABORNE causing significant damage to their vessel and wharf.

5.

The accident set out above was proximately and legally caused by the negligent acts of admissions of the defendant, Gulf Fleet Management, L.L.C. and/or the vessel GULF FLEET RETREAT, in failing to provide an adequate and competent crew, failing to properly moor or otherwise secure the vessel in such a manner as it would safely ride out the impending threat of hurricane Katrina, and in maintaining an unseaworthy vessel.

6.

The aforementioned negligent acts and omissions and maintaining an unseaworthy vessel were done with the full privity and knowledge of Gulf Fleet Management, L.L.C. and/or the vessel GULF FLEET RETREAT.

7.

By reason of the negligence of Gulf Fleet Management, L.L.C. and/or the vessel GULF FLEET RETREAT, and the unseaworthiness of GULF FLEET RETREAT, complainants, Joseph B. Billiot, Jr. and Christopher J. Billiot, Sr., incurred property damage in the amount of approximately $12,000.00.

8.

This claim is being made under protest and without prejudice to Claimants' position that this limitation is improper and should be dismissed.

**WHEREFORE**, Joseph B. Billiot, Jr. and Christopher J. Billiot, Sr., pray that this Answer be deemed good and sufficient, and after all due proceedings are had, there be judgment in favor of Joseph B. Billiot, Jr. and Christopher J. Billiot, Sr. and against *Gulf Fleet Management*, L.L.C. and/or the vessel GULF FLEET RETREAT for damages in the sum of $12,000.00 together with legal interest thereof from date of incident until paid, together with all cost of these proceedings.

Claimants further pray for all general and equitable relief.

Respectfully submitted:

**ALLEN & NORMAN, LLC**

By: _____
DAVID B. ALLEN, 2401
303 Verret Street
Houma, Louisiana 70360
Telephone: (985)876-2474
Fax: (985)876-2853

**CERTIFICATE OF SERVICE**

I do hereby certify that I have served a copy of the foregoing pleading on counsel for all parties to this proceeding, by mailing the same by United States mail, postage prepaid properly addressed and first class, on this the 11th day of July, 2006.

_____
DAVID B. ALLEN, LSBA# 2401